UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
LANSING DIVISION

| | |
|---|---|
| KELLY BECK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. |
| | ) |
| JERRY VERHAGEN, *doing business as* | ) |
| Hamlin Ross & Associates, | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, KELLY BECK, by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, JERRY VERHAGEN, *doing business as* Hamlin Ross & Associates:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law 339.901 et seq. ("MOC").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Lansing, Ingham County, State of Michigan.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Mich. Comp. Law § 339.901(f).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Mich. Comp. Law § 339.901(a).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Mich. Comp. Law § 339.901(b).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a natural person residing in or around Buffalo, New York.

13. Defendant does business as "Hamlin Ross & Associates".

14. "Hamlin Ross & Associates" is not registered as an assumed name in Ingham County, Michigan.[1]

15. "Hamlin Ross & Associates" is not a juridical entity.

---

[1] https://eweb.ingham.org/clerk/eagleweb/docSearch.jsp (last accessed April 7, 2021).

16. Defendant is not registered to do business in the State of Michigan.[2]

17. "Hamlin Ross & Associates" is not registered to do business in the State of Michigan.[3]

18. Defendant is not licensed to collect debt in the State of Michigan.[4]

19. "Hamlin Ross & Associates" is not licensed to collect debt in the State of Michigan.[5]

20. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

21. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

22. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

23. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

24. During the course of his attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

25. Defendant acted himself and through his agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

26. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff.

27. Plaintiff's alleged debt owed arises from transactions for personal, family, or household

---

[2] https://cofs.lara.state.mi.us/SearchApi/Search/Search (last accessed April 6, 2021).
[3] *Id.*
[4] https://www.lara.michigan.gov/colaLicVerify/lName.jsp (last accessed April 6, 2021).
[5] *Id.*

purposes.

28. In or around October 2020, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

29. Defendant calls Plaintiff on her cellular telephone at 517-303-1373 in an attempt to collect the alleged debt.

30. Defendant calls Plaintiff from 833-437-0484 and 517-325-5958, which are two of Defendant's telephone numbers.

31. Defendant also leaves voicemail messages for Plaintiff.

32. With regard to the above-referenced voicemail messages, they are pre-recorded and transcribed as follows:

> Hello, this is Hamlin Ross and Associates. We have sent you correspondence and attempted to contact you on a matter involving your name and social security number, but have yet to receive a response from either you or your attorney regarding this matter. We have decided to reach out to you one last time to give you the opportunity to be compliant and give your statement of intent to our office. Please be advised if we do not hear back from you today, we will no longer be able to assist you on a voluntary resolution. Contact the office immediately at 833-437-0484. Good day.

33. To date, Defendant has not sued Plaintiff.

34. Defendant has never intended to sue Plaintiff.

35. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

36. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

38. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of

4

the alleged debt.

## COUNT I:
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

39. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff and left a voicemail message with vague and veiled empty threats of legal action;

    b. Defendant violated § 1692d(2) of the FDCPA by using language the natural consequence of which is to abuse the hearer when Defendant called Plaintiff and left a voicemail message with vague and veiled empty threats of legal action;

    c. Defendant violated § 1692d(6) of the FDCPA by the placement of telephone calls without meaningful disclosure of the caller's identity when Defendant left voicemail messages that merely stated that the calls were from Hamlin Ross and Associates;

    d. Defendant violated § 1692e of the FDCPA by the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

    e. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character and legal status of any debt when Defendant called Plaintiff and left a voicemail message with vague and veiled empty threats of legal action;

    f. Defendant violated § 1692e(5) of the FDCPA with the threat to take any action

5

      that cannot legally be taken or that is not intended to be taken when Defendant called Plaintiff and left a voicemail message with vague and veiled empty threats of legal action;

g. Defendant violated § 1692e(10) of the FDCPA by the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

h. Defendant violated § 1692e(11) of the FDCPA when Defendant failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff; and

i. Defendant violated § 1692f of the FDCPA by the use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff KELLY BECK, respectfully requests judgment be entered against JERRY VERHAGEN, *doing business as* Hamlin Ross & Associates, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## MICHIGAN OCCUPATIONAL CODE

40. Plaintiff repeats and re-alleges paragraphs 1-39 of Plaintiff's Complaint as the allegations

in Count II of Plaintiff's Complaint.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

   a. Defendant violated § 339.915(e) of the MOC by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt when Defendant engaged in all of the foregoing misconduct;

   b. Defendant violated § 339.915(f)(i) of the MOC by misrepresenting in a communication with a debtor the legal status of a legal action being taken or threatened when Defendant called Plaintiff and left a voicemail message with vague and veiled empty threats of legal action;

   c. Defendant violated § 339.915(g) of the MOC by communicating with a debtor without accurately disclosing the caller's identity when Defendant left voicemail messages that merely stated that the calls were from Hamlin Ross and Associates; and

   d. Defendant violated § 339.915(n) of the MOC by using a harassing, oppressive, or abusive method to collect a debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, KELLY BECK, respectfully requests judgment be entered against Defendant, JERRY VERHAGEN, *doing business as* Hamlin Ross & Associates, for the following:

    a. Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

    b. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

    c. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

    d. Any other relief that this Honorable Court deems appropriate.

Date: April 7, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorneys for Plaintiff

8